David Lawrence,
James Speed and James Colvin were appointed, by the last will and testament of Samuel Lawrence, deceased, his executors; and, having proved the will and taken upon themselves its execution, David Lawrence sold, under the authority of the will, a tract of land, for a considerable sum of money, and took a bond for the payment thereof to himself, without joining his co-executors. Part of the money was afterwards collected by him, and for the residue he brought suit upon the bond, and recovered judgment in his own name. He then died intestate, and William Crow and John Lawrence administered upon his estate. To recover the amount for which the land was sold, after deducting the credits for payments made by David Lawrence in the course of administration, Speed and Colvin, the surviving executors, brought their bill in chancery against David Lawrence’s administrators. The court below decreed in favor of the complainants; to which decree the defendants have prosecuted this writ of error.
The main question is, whether the surviving executors could maintain the suit against the administrators of their co-executor. It is clearly settled, that one executor shall not be charged with the wrong or devastavit *124 of his companion, and that he shall be liable only to the extent of the assets that come to his hands; for the testator’s having misplaced his confidence in one executor, ought not to operate to the prejudice of the others. 3 Bac. Abr. 31; Toller’s Law of Executors 368. The mode of pleading, and of entering judgments, shows that the practice is conformable to this doctrine. The executors may sever in their pleas, and one may plead that no assets came to his hands; another, that they came to his hands only to a certain amount; and a third may plead differently, or let judgment go against him by default. The form of a judgment upon such a state of pleadings, may be seen in Tidd’s Appendix of Practical Forms.
The surviving executors can, therefore, found no right of suit against the administrators of their co-executor, upon their responsibility for his acts. If the property of the testator, without being changed, had passed into the hands of the administrators of the deceased executor, the right of property would have survived to the surviving executors, and they might, without doubt, recover it or its value by suit. But, in this instance, the property was changed by sale, and the proceeds had become identified with the estate of the deceased executor. The money due upon the bond could only be demanded or sued for by him in his own right; and the judgment, when obtained, would go to his administrator, who alone could revive it and obtain execution on it. As to the money paid upon the bond, the property of it cannot be said ever to have been in the testator; but it is held, even where money of the testator comes into the hands of the executor, that the property in it becomes vested in the executor, not merely in his fiduciary capacity, but in his individual right; and this results from necessity; for when it is intermixed with his own money, it is incapable of being distinguished from it. He, however, would be responsible for its value, as he would be for the value of any other property of the testator converted to his use. But his responsibility accrues to the creditors and legatees, and not to his co-executors; for, regularly, one executor cannot sue another executor. Where, indeed, an executor is a creditor or legatee, and his co-executor gets possession of the estate and retains it, the former may sue the latter in equity; but he sues, in such case, *125 not in his character of executor, but in his individual right. See Toller’s Law of Executors 105, and Shepherd’s Touchstone 485.
If the surviving executors cannot, therefore, sue by virtue, either of their liability for the acts of their co-executor, or of any property which they have in the thing sued for, we cannot see any possible ground upon which they can found their suit; for it is too clear to require any argument to show that they cannot sue, in this instance, by virtue of any right of action which accrued to their testator. Their not having a right to sue, would produce no failure of justice; for the administrators of their co-executor will be responsible to the creditors and legatees, as their intestate would have been, if living; and this very consideration tends very strongly to fortify the doctrine, that the surviving executors can have no right to sue; for, regularly, the right of suit cannot vest in both them and the creditors and legatees.
Decree reversed and bill dismissed.